UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| TERRY D. KING )<br>)<br>Plaintiff, )<br>) Civil Action No. 6:09-162-JMH<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, COMMISSIONER ) **MEMORANDUM OPINION AND ORDER**<br>OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 12 and 13][1] on Plaintiff's appeal of the Commissioner's denial of his application for a period of disability and Disability Insurance Benefits and Supplemental Security Income. The Court, having reviewed the record and being otherwise advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Terry D. King filed applications for a period of disability and Disability Insurance Benefits and Supplemental Security Income on May 16, 2007. Plaintiff alleged that he became disabled on March 15, 2007 because of depression, nerves, and poor

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

hearing. Both of these claims were denied initially and upon reconsideration. Subsequently, Plaintiff filed a timely written request for hearing with an Administrative Law Judge ("ALJ"). The hearing was granted, and in a decision dated November 28, 2008, ALJ Frank Letchworth concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act. The ALJ's specific findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since March 15, 2007, the alleged onset date.
>
> 3. The claimant has the following severe impairments: right tympanic membrane perforation, psychotic disorder not otherwise specified, borderline intellectual functioning.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functioning capacity to perform a full range of work at all exertional levels. He can perform simple instructions in object focused work setting. He can have no more than occasional, casual interaction with others. He can no greater than occasionally adapt to changes in work setting/routine. He can perform no highly stressful, production rate, or quota work. He can perform no job in which reading is an essential job element. He can perform no job in which acute hearing ability is an essential job element.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on November 10, 1964 and was 42 years old, which is defined as a younger individual age

>       18-49, on the alleged disability onset date.
>
>       8. The claimant has a limited education and is able to communicate in English.
>
>       9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.
>
>       10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
>       11. The claimant has not been under a disability, as defined in the Social Security Act, from March 15, 2007 through the date of this decision.

(Transcript of Record, "TR," at 11-17) (citations omitted).

After the Appeals Council denied his request for review and with his administrative remedies exhausted, Plaintiff now appeals to this Court. Specifically, Plaintiff objects to the ALJ's reliance on the opinions of non-examining medical sources with regard to Plaintiff's residual functioning capacity. He argues that these sources did not have access to his complete history, namely the records from a psychological evaluation performed by Ms. Reba Moore, a licensed psychological practitioner, and from his treatment at the Cumberland River Comprehensive Care Center. Plaintiff argues that the ALJ discounted evidence that was clearly favorable to him. Thus, Plaintiff argues, the ALJ's decision must be reversed, or in the alternative, remanded for the taking of additional evidence.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security*, 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### IV. ANALYSIS

The issue in this case is over the weight the ALJ gave to differing opinion evidence in determining Plaintiff's residual functioning capacity (RFC). Plaintiff argues that the ALJ failed to give proper weight to Ms. Moore's psychological evaluation, which contained opinions favorable to Plaintiff's claim for benefits. Included in the findings of her psychological evaluation of Plaintiff, Ms. Moore diagnosed Plaintiff with Psychotic Disorder, not otherwise specified; Rule Out Schizophrenia; and Mild

5

Mental Retardation. (TR 205). Ms. Moore also opined that Plaintiff was not capable of participating in the job market. (TR 204).

The ALJ rejected most of Ms. Moore's findings, although he did accept her diagnosis of "psychotic disorder not otherwise specified" as a severe impairment. (TR 11). Plaintiff argues that the ALJ erred by rejecting Ms. Moore's findings and opinions while accepting the findings and opinions of non-examining sources who did not have Plaintiff's complete record, including Ms. Moore's report.

The ALJ acted properly by rejecting Ms. Moore's psychological evaluation of Plaintiff. The ALJ is not required to accept as conclusive medical opinions submitted by either party. Rather, it is the ALJ's responsibility to assess Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). The ALJ may consider opinions from medical sources in making a determination regarding Plaintiff's RFC, but the final responsibility for assessing such an issue rests with the finder of fact. *See* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2); SSR 96-5p.

Here, the ALJ gave little weight to Ms. Moore's evaluation because it was inconsistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). For example, in her report, Ms. Moore diagnosed Plaintiff with Mild Mental Retardation.

6

However, an examination of the record reveals the inconsistency of Ms. Moore's finding with evaluations by other sources. On June 20, 2007, Kenneth Starkey, Psy.D., conducted a consultative psychological evaluation of Plaintiff. (TR 152-160). Like Ms. Moore, Dr. Starkey tested Plaintiff's intellectual functioning and obtained scores in the lower end of mild mental retardation. Dr. Starkey, however, also noted facts that the scores obtained "likely underestimate[d] [Plaintiff's] true intellectual functioning." (TR 156). Dr. Starkey noted that Plaintiff was able to drive 35 miles to the evaluation site, manage small amounts of money, shop for small items, and complete simple household chores. Dr. Starkey also noted:

> [Plaintiff] approached the evaluation meeting with an angry and argumentative disposition, bloodshot eyes, slowed cognitive processing speed, and poor motivation for completing the tasks of the assessment, all consistent with one either experiencing the detrimental influence of too much psychoactive substances and/or malingering to exaggerate deficits for the purpose of secondary gain.

(TR 158-59). The ALJ gave little weight to the functional conclusions placing Plaintiff in the lower end range of mild mental retardation because of Dr. Starkey's opinion that Plaintiff was malingering.

Other examiners also opined that Plaintiff malingered during their examinations with Plaintiff. Three physicians, evaluating Plaintiff's physical functional capacity, noted that Plaintiff had much better hearing when communicating in conversation, but

7

reported more difficulty with hearing during the consultative examination. Similarly, physicians assigned to evaluate Plaintiff's mental functioning determined that there was insufficient evidence of a mental impairment due to Plaintiff's malingering. Considering the evidence of Plaintiff's malingering during several consultative examinations by a number of medical sources, it was proper for the ALJ to reject Ms. Moore's opinions. *See Richardson v. Perales*, 402 U.S. 389, 391 (1971) (recognizing that the trier of fact has the duty of resolving conflicting medical evidence). There was substantial evidence in the record refuting Ms. Moore's opinion and supporting the ALJ's decision.

Plaintiff's argument that the ALJ acted improperly by rejecting Ms. Moore's opinion because the evaluation was arranged to facilitate Plaintiff's claim for disability benefits must also fail. As mentioned above, the record discloses several instances alleging that Plaintiff malingered during his consultative examinations. The ALJ is not required to accept Ms. Moore's findings, where other examinations indicate that Plaintiff is malingering. Furthermore, it was proper for the ALJ to determine the proper weight to give to medical opinions submitted as evidence. Here, there was no evidence that Ms. Moore had a treating relationship with Plaintiff. *See* 20 C.F.R. §§ 204.1527(d)(2), 416.927(d)(2). Thus, it was proper for the ALJ to give Ms. Moore's opinion little weight in his determination that

8

Plaintiff was not disabled.

Plaintiff next argues that the ALJ improperly accepted the opinions of non-examining medical sources who did not have access to Plaintiff's full record with regard to Plaintiff's RFC.  First, "state agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i); SSR 96-6p.  The opinions of these experts are entitled to great weight if their opinions are supported by the record.  Here, there is substantial evidence of Plaintiff's malingering.  As such, it was not improper for the ALJ to determine that Plaintiff was not disabled based on the findings of several experts that Plaintiff was malingering during consultative examinations.

Second, the ALJ did not adopt verbatim the opinions of the non-examining physicians in assessing Plaintiff's RFC.  Contrary to some of the opinions of the non-examining sources, the ALJ determined that Plaintiff's tympanic membrane perforation, psychotic disorder not otherwise specified, and borderline intellectual functioning were severe impairments.  The ALJ took these impairments into account in assessing Plaintiff's RFC.

Next, Plaintiff argues that the ALJ erred by disregarding evidence supporting a diagnosis of schizophrenia.  In his opinion,

9

the ALJ stated, "[i]f [Plaintiff] truly is as schizophrenic as he has asserted one can reasonably wonder why there is no medical evidence to support this, other than a one time post-hearing admission." (TR 15). Plaintiff's argument here also fails. When the ALJ issued his decision, the record of Plaintiff's admission to Appalachian Regional Healthcare was one of two references to Plaintiff's schizophrenia made available to the ALJ, with the other being Ms. Moore's assessment (to which the ALJ gave little weight). Moreover, Ms. Moore diagnosed Plaintiff with Psychotic Disorder, not otherwise specified; Rule Out Schizophrenia. (TR 205).

Plaintiff relies on evidence submitted after the ALJ's decision. The ALJ noted in his opinion that Plaintiff sought treatment at the Cumberland River Comprehensive Care Center, but that those notes had not been furnished to him. (TR 15). Plaintiff cannot now argue that the ALJ erred by not considering this evidence when he did not make it available to the ALJ before the decision was issued.

Finally, Plaintiff argues in the alternative that remand is appropriate to take additional evidence. The Court rejects this argument. Remand of the case for further administrative proceedings is appropriate if "a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Halter*, 279 F.3d at 357 (quoting *Cline v. Comm'r of Social Security*, 96 F.3d 146, 148 (6th

Cir. 1996). Although Plaintiff submitted additional evidence to the Appeals Council, he does not allude to that evidence in his request for remand. Even if Plaintiff requested that this evidence be reconsidered, his argument fails because the evidence is neither new nor material.

Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). As mentioned above, the ALJ noted in his decision that Plaintiff failed to provide a report from the Cumberland River Comprehensive Care Center. He later submitted this report to the Appeals Council. Plaintiff cannot ask that this evidence now be considered by the ALJ because the evidence was available prior to the ALJ reaching his decision.

Moreover, the evidence submitted to the Appeals Council is not material. Evidence is "material" if "there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Here, there is no reasonable probability that the ALJ would have reached a different decision had he heard the additional evidence. The record discloses that Plaintiff's condition improved while he was on medication at the treatment facility. (TR 66). However, Plaintiff was later discharged from

11

the facility for noncompliance. (TR 60-61). Such evidence cannot reasonably be expected to change the ALJ's decision. Therefore, remand pursuant to 42 U.S.C. § 405(g) is not warranted.

In sum, there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ acted properly by examining the evidence presented to him and resolving any conflicts. *See Perales*, 402 U.S. at 399. Furthermore, remand for further administrative proceedings is not warranted because the evidence submitted to the Appeals Council is neither new nor material.

### V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment [Record No. 12] be, and the same hereby is, **DENIED**; and

(2) That the Commissioner's motion for summary judgment [Record No. 13] be, and the same hereby is, **GRANTED**.

This the 26th day of March, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge